1   Irving L. Berg (SBN 36273)
    THE BERG LAW GROUP
2   145 Town Center, PMB 493
    Corte Madera, California 94925
3   (415) 924-0742
    (415) 891-8208 (Fax)
4   irvberg@comcast.net (e-mail)

5
    ATTORNEYS FOR PLAINTIFF
6   AND THE PUTATIVE CLASS

7

8

9                   UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                      SAN FRANCISCO DIVISION

11  PEDRO V. LINARES,                    C

12              Plaintiff,              **CV 13 2668**
                                        **CLASS ACTION COMPLAINT FOR**
13  v.                                  **DAMAGES FOR VIOLATION OF**
                                        **CONSUMER DEBT COLLECTION LAWS**
14  CAVALRY PORTFOLIO SERVICES, LLC
                                        **DEMAND FOR JURY TRIAL**
15  _____Defendant._____/   15 United States Code § 1692 *et seq.*
16                                       California Civil Code § 1788 *et seq.*

17

18                       **I. INTRODUCTION**

19       1.      This action is brought to challenge Defendant's practices and procedures of

20  sending collection letters to California consumers that violate the federal Fair Debt Collection

21  Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the California Fair Debt Collection

22  Practices Act, Cal. Civ. Code § 1788 *et seq.* ("CA FDCPA"). Most of the FDCPA provisions are

23  incorporated into the CA FDCPA pursuant to Civ. Code § 1788.17.

24       2.      The violations alleged involve Defendant's collection letter ("Exhibit A") which

25  in bold, jumbo type seeks to collect an alleged debt by representing that payment of the debt

26  begins a "Fresh Start Program". This is a false representation and the FDCPA and CA FDCPA

27  contain multiple provisions prohibiting such conduct. The acts prohibit false, deceptive and

28

COMPLAINT/se                          PEDRO V. LINARES v. CAVALRY PORTFOLIO
                          1                         SERVICES, LLC

1   misleading representations in the collection of a debt, 15 U.S.C. § 1692e, 1692e(10). Defendants

2   violate these statutes and numerous other statutes that prohibit Defendants from engaging in a

3   practice and procedure of coercing debt collectors by fraudulent conduct.

4       3.      Additionally, this action challenges Defendant's use of an alleged "Privacy

5   Notice"that threatens disclosures of private communications between Plaintiff and Defendant to

6   unauthorized third parties.

7       4.      Consumer privacy is protected by 15 U.S.C. § 1692c(b) limiting the disclosure of

8   communications between Plaintiff and Defendant as follows:

9       **...a debt collector may not communicate, in connection with the collection of
        any debt, with any person other than the consumer, his attorney, a consumer
10      reporting agency if otherwise permitted by law, the creditor, the attorney of
        the creditor, or the attorney of the debt collector.**

11

12      5.      The Defendant's collection letter, Exhibit B, threatens to publicly disclose private

13   communications when it states:

14      **We disclose information we collect to affiliated and non-affiliated third-parties...**

15   Such disclosure are unlawful and violate the consumer's privacy rights.

16      6.      This action will show that Defendant's violation of 15 U.S.C. § 1692c(b) also

17   violates multiple provisions of the FDCPA including 15 U.S.C. § 1692b ("location

18   information"), 15 U.S.C. § 1692d(3) and (4) ("publication of a deadbeat list"), 15 U.S.C. § 1692e

19   "false representation concerning legal rights," and 15 U.S.C. § 1692e(5) ("threat to take action

20   that cannot legally be taken").

21      7.      Finally, Plaintiff will show that Defendant misstates the consumer's rights by

22   stating that the consumer write the debt collector to correct any mistakes. Defendant shoulders

23   the burden of sending truthful collection letters from the Defendant to Plaintiff.

24

25                                  **II. JURISDICTION**

26      8.      Jurisdiction in this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337,

27   and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

28

COMPLAINT/se                                      PEDRO V. LINARES v. CAVALRY PORTFOLIO
                                           2                              SERVICES, LLC

1  Declaratory relief is available pursuant to 28 U.S.C. § § 2201 and 2202.

2      9.      This action arises out of Defendants' violations of the Fair Debt Collection

3  Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the California Fair Debt Collection

4  Practices Act ("CA FDCPA"), Civ. Code § 1788 *et seq.*

5                          **III.  VENUE**

6      10.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that

7  a substantial part of the events or omissions giving rise to the claim occurred in this judicial

8  district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

9  Defendant transacts business in this judicial district and the violations of law complained of

10 occurred in this judicial district.

11                         **IV.  PARTIES**

12     11.     Plaintiff is a consumer who resides in this district.

13     12.     Defendant, Cavalry Portfolio Services, LLC, ("Cavalry")  is located in the City of

14             Hawthorne, State of New York.

15     13.     Plaintiff is obligated or allegedly obligated to pay a consumer debt, and is a

16 "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17     14.     Defendant Cavalry is a person who uses an instrumentality of interstate commerce

18 or the mails in a business the principal purpose of which is the collection of debts, or who

19 regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

20 owed or due or asserted to be owed or due another and is therefore a debt collector as that term is

21 defined by 15 U.S.C. § 1692a(6).

22     15.     Defendant is an affiliate of Cavalry Investments, LLC and Cavalry SPVI, and

23 Cavalry SPV II. These affiliated companies are debt collectors pursuant to 15 U.S.C. § 1692a(6)

24 and are subsidiaries of Cavalry Holdings  LLC.

25                   **V.  FACTUAL ALLEGATIONS**

26             **Facts Relating to Fresh Start Program**

27     16.     On or about November 16, 2012, Defendant sent Plaintiff in a single envelope a

28

COMPLAINT/se                                    PEDRO V. LINARES v. CAVALRY PORTFOLIO
                              3                              SERVICES, LLC

double-sided collection letter.  A copy of the front of the letter is attached as Exhibit A, the reverse attached as Exhibit B.  The Exhibits are reduced in size to fit the 8.5" x 11" format.

17.    Exhibits A and B sought to collect a debt allegedly incurred by Plaintiff for personal, family or household needs.

18.    Exhibit A in jumbo type states:

**FRESH START PROGRAM**

19.    Defendant's collection letter states that "Defendant recognizes the importance of your overall financial health and offers to help by offering a 50% discount to pay down the alleged debt and get you back on the road to financial recovery.

20.    Defendant's representations are false, deceptive and misleading in that paying down the debt will not result in "financial health" or the start of a "Fresh Start Program".

21.    Paying down Defendant's debt will not improve Plaintiff's credit report which will show the debt "paid by settlement."

22.    Plaintiff paying down the debt will not result in a Fresh Start.  Financially embarrassed consumer's financial circumstances, such as that of Plaintiff's, can only be resolved by a "Fresh Start" under Chapter 7 of the Bankruptcy Code..

**FDCPA VIOLATIONS RESULTING FROM DEFENDANT'S "PRIVACY NOTICE"**

23.    At Exhibit B, attached, Defendant's privacy notice states:

**We collect Private Information about you from the following sources:**

☐    **Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.**

☐    **Information about your transactions with us or others, such as your account balance and payment history.**

☐    **Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.**

24.    All of this information involves debt collection.

25.    The privacy notice then states:

**DISCLOSURE OF PRIVATE INFORMATION**

We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

O    **Credit Bureaus**

O    **The original creditor and entities that have had an ownership interest in your account**

O    **Entities that provide mailing services on our behalf**

O    **Entities that provide collection-related services on our behalf**

O    **Others, such as third parties, when you direct us to share information about you**

O    **Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws**

26.    Many of the uses listed are prohibited by the FDCPA, in that they are with persons other than "the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." Actual disclosures of that nature would violate 15 U.S.C. § 1692c,(b) and the statement that Defendant would make such disclosures, or has the right to do so, violates 15 U.S.C. § § 1692e and 1692e(2)(A).

27.    In addition, several of the listed uses amount to the publication of lists of persons who have allegedly refused to pay debts, and either still have not paid or were ultimately induced to pay. The actual publication of such lists would violate 15 U.S.C. § 1692d, and the statement that Defendant will do so or has the right to do so violates 15 U.S.C. § 1692e(2)(a) and 15 U.S.C. § e(2A) and 15 U.S.C. § 1692e(5).

28.    For example, debt collectors have been known to sell lists of persons who have not paid their debts to issuers of subprime credit cards, who offer to issue a credit card with exorbitant rates and fees if the consumer will put some or all of the unpaid debt on the credit card. Prospective lenders are not among the parties to whom a debt may be disclosed under 15 U.S.C. § 1692c.

29.    The privacy notice then states that if the consumer would "prefer that we not

1  disclose nonpublic personal information about your to nonaffiliated third parties, "the consumer

2  must so request." This is a misstatement of the consumer's rights under 15 U.S.C. § 1692c,

3  which requires that the consumer grant express permission directly to the debt collector before

4  the debt may be disclosed to anyone other than the consumer, his attorney, a consumer reporting

5  agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of

6  the debt collector.

7  ## VI. CLASS ALLEGATIONS

8       30.      This matter is brought as a class action defined as (I) all persons with addresses

9  within the state of California (ii) who were sent a letter from Defendant  in the form of Exhibit A

10  and B (iii) to recover a debt incurred for personal, family, or household purposes (iv) due Cavalry

11  (v) which was not returned undelivered by the United States Postal Service (vi) during the period

12  of time one year prior to the filing of the Complaint through the date of class certification.

13       31.      The class is so numerous that joinder of all members is impractical.

14       32.      There are questions of law and fact common to the class, which predominate over

15  any questions affecting only individual class members.  The principal issue is whether

16  Defendant's letter Exhibit A and B violated the FDCPA and CA FDCPA.

17       33.      There are no individual questions, other than whether a class member was sent a

18  letter in the form of Exhibit A and B, which can be determined by ministerial inspection of

19  Defendant's records.

20       34.      Plaintiff will fairly and adequately protect the interests of the class.

21       35.      Plaintiff has retained counsel experienced in handling class claims and claims

22  involving unlawful collection practices.

23       36.      The questions of law and fact common to the class predominate over any issues

24  involving6only individual class members.  The principal issue is whether Defendant's letter in

25  the form of Exhibit A and B was sent to the class member.  The principal issue is whether

26  Defendant's letter in the form of Exhibit A and B violated the FDCPA and CA FDCPA.

27       37.      Plaintiff's claims are typical of the claims of the class, which all arise from the

28

1 same operative acts and are based on the same legal theories.

2     38.    A class action is a superior method for the fair and efficient adjudication of this
3 controversy. Class-wide damages are essential to induce Defendant to comply with federal and
4 state law. The interest of class members in individually controlling the prosecution of separate
5 claims against Defendants are small because the maximum statutory damages in an individual
6 FDCPA action is $1,000.00. Management of these class claims are likely to present significantly
7 fewer difficulties than those presented in many class actions, e.g., for securities fraud.

8     39    As a result of Defendant's violations of the FDCPA and CA FDCPA, Plaintiff and
9 the class are entitled to an award of maximum statutory damages, costs and reasonable attorney's
10 fees.

11 **VI. CAUSE OF ACTIONS**

12 **FIRST CLAIM FOR RELIEF**
**(Violation of the FDCPA)**

13

14     40.    Plaintiff incorporates the foregoing paragraphs as though fully set forth hereto.

15     41.    The foregoing acts and omissions constitute violations of the FDCPA, including
16 each of the above-cited provisions of the FDCPA.

17     42.    As a result of each violation of the FDCPA, Plaintiff is entitled to statutory
18 damages in an amount up to $2,000 and reasonable attorney's fees and costs pursuant to 15
19 U.S.C. § § 1692k(a)(3) from Defendant.

20 **SECOND CLAIM FOR RELIEF**
**(Violation of the CA FDCPA)**

21

22     43.    Plaintiff incorporates the foregoing paragraphs as though fully set forth hereto.

23     44.    The foregoing acts and omissions constitute violations of the CA FDCPA
24 including each of the above-cited provisions of the CA FDCPA and those FDCPA provisions
25 incorporated into California law pursuant to Cal Civ. Code § 1788.17.

26     45.    As a result of each violation of the CA FDCPA, Plaintiff is entitled to
27 (a) statutory damages for Defendant's knowing and willful violations in the amount up to $2,000

28

COMPLAINT/se

PEDRO V. LINARES v. CAVALRY PORTFOLIO
SERVICES, LLC

7

1 | pursuant to Cal. Civ. Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to

2 | Cal. Civ. Code § 1788.30(c) from Defendant.

3 | **VII. REQUEST FOR RELIEF**

4 | WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

5 | A.   An award of maximum statutory damages pursuant to the FDCPA;

6 | B.   An award of costs of litigation and reasonable attorney's fees, pursuant

7 | to 15 U.S.C. § 1692k(a)(3).

8 | C.   An award of maximum statutory damages pursuant to CA FDCPA and

9 | Gonzalez v. Arrow Financial; 660 F3d 1055, 1067 (2011).

10 | D.   An award of costs of litigation and reasonable attorney's fees, pursuant to

11 | Cal. Civ. Code § 1788.30(c).

12 |

13 | Dated: $6-8.2013$

Irving L. Berg

14 |

15 | **VIII. JURY DEMAND**

16 | Plaintiff hereby demands that this case be tried before a jury.

17 |

18 | Dated: $6-8.2013$

/s/
Irving L. Berg
19 | THE BERG LAW GROUP
145 Town Center, PMB 493
20 | Corte Madera, CA 94925
(415) 924-0742
21 | (415) 891-8208 (Fax)
ATTORNEY FOR PLAINTIFF

22 |

23 |

24 |

25 |

26 |

27 |

28 |

COMPLAINT/se

8

PEDRO V. LINARES v. CAVALRY PORTFOLIO
SERVICES, LLC

PO Box 520
Valhalla, NY 10595

70 107 00021192
202466



**Phone: 866-873-5293**
**www.cavalryportfolioservices.com**



November 16, 2012

RE:  **Original Institution:**      HSBC Bank Nevada, N.A.
      **Original Account No.:**    6011380024055071
      **Cavalry Account No.:**     14581053
      **Outstanding Balance:**     $3,087.05

PEDRO V LINARES
40728 SUNDALE DR
FREMONT, CA  94538-3341

# FRESH START PROGRAM

Dear PEDRO V LINARES,

At Cavalry, we recognize the importance of  your overall financial health during these difficult economic times.
Consumers are taking control of their finances by spending less and paying down debt.

Cavalry would like to help you by offering a **50% discount** to pay down your debt, and get you back on the road to financial recovery.

If you prefer, you may also choose a **40% discount and pay in 5 monthly installments of $370.45.**

If you would like to pay your account via our secure web site, or check account information, please visit us at
**https://payments.cavalryportfolioservices.com**

If these offers don't fit into your current budget, please call us at 866-873-5293 and we will work with you to tailor a solution that falls within your finances.

| 50% DISCOUNT PAY ONLY $1,543.53 | OR | 40% DISCOUNT PAY ONLY 5 INSTALLMENTS OF $370.45 |
|---|---|---|

**This offer expires thirty days from the date of this letter.  We are not obligated to renew this offer.**

Sincerely,
Shelly Garrison

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**
**SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PAYMENT COUPON

Please detach and return this portion with your payment.

Make Checks and Money Orders Payable to
**Cavalry Portfolio Services, LLC.**

PEDRO V LINARES
40728 SUNDALE DR
FREMONT, CA  94538-3341



**PLAINTIFF'S EXHIBIT**

A

**Cavalry Portfolio Services, LLC**
PO Box 27288
Tempe, AZ 85285-7288

**Original Institution:**      HSBC Bank Nevada, N.A.
**Original Account No.:**    6011380024055071
**Cavalry Account No.:**     14581053
**Outstanding Balance:**     $3,087.05

CAV594,
CAV.wfd, V1
202466

Case 3:13-cv-02668-EDL Document 1 Filed 06/11/13 Page 10 of 10

We are required by law to tell you about some rights you might have under state and federal laws.

In California: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

In COLORADO: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Our in-state office address and telephone number is 80 Garden Center, Suite 3 Broomfield, CO 80020, (303) 920-4763.

In MASSACHUSETTS: NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTOR. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

IN MINNESOTA: THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

In New York City: This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 1126502, 1126497, and 1126494.

In Tennessee: This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

In Utah: As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

In North Carolina: This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 3912. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040; (b) 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340; (c) 4500 South 129th East Ave, Suite 165, Tulsa, Oklahoma 74134; and (d) 408 St. Peter Street, St. Paul, Minnesota 55102.

### Privacy Notice

In accordance with Federal law, Cavalry is giving you this notice to tell you how we may use non-public personal information about you. This notice applies whether you are a current or a former customer of Cavalry.

### COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:

- Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
- Information about your transactions with us or others, such as your account balance and payment history.
- Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

### DISCLOSURE OF PRIVATE INFORMATION
We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

- Credit bureaus
- The original creditor and entities that have had an ownership interest in your account
- Entities that provide mailing services on our behalf
- Entities that provide collection-related services on our behalf
- Others, such as third parties, when you direct us to share information about you
- Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws


PLAINTIFF'S
EXHIBIT
B

### MAINTENANCE OF ACCURATE INFORMATION
We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340. We will investigate the situation and, when appropriate, update our records accordingly.

### PROTECTION OF INFORMATION
We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

For account questions, comments, or general customer service, you may contact us at 800-501-0909 Monday through Thursday from 8:00 am to 9:00 pm Eastern Time, Friday from 8:00 am to 8:00 pm Eastern Time and Saturday from 9:00 am to 2:00 pm Eastern Time, or you may write us at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

By sending your check, or else you are authorizing Cavalry Portfolio Services, LLC to use information on your check to make a one-time electronic debt from your account using Cavalry's institution facilitation on your check.